IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL ACTION |
| WILLIAM MARTINEZ : | |
| : | NO. 05-cr-123-12 |
| : | |

### ORDER

**AND NOW**, this 21st day of April 2016, upon consideration of the Defendant's *pro se* Motion for a Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines, it is hereby **ORDERED** that the motion is **DENIED**.[1]

It is so **ORDERED**.

The Clerk is **DIRECTED** to **CLOSE** this case.

BY THE COURT:

CYNTHIA M. RUFE, J.

---

[1] Amendment 782 to the Federal Sentencing Guidelines reduces by two levels the base offense levels in the Drug Quantity Table in § 2D1.1. 18 U.S.C. § 3582(c)(2) provides that where a defendant has been sentenced to imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission, the sentencing court may reduce the sentence subject to applicable policy statements issued by the Commission. In determining a defendant's eligibility for a reduction, the Court follows the approach directed by the Supreme Court: First, the Court must determine what the applicable guidelines range would have been if the relevant amendment had been in effect when the defendant was originally sentenced. The Court may only substitute the amendment for the corresponding guidelines provisions that were applied when the defendant was sentenced, and must leave all other guideline applications decisions alone. If the Court determines that the defendant is ineligible for a reduction at step one, the Court does not proceed. *Dillon v. United States*, 560 U.S. 817, 821 (2010).

Defendant was sentenced on June 28, 2006, following a plea of guilty to conspiracy to distribute more than one kilogram of heroin, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1). Because Defendant had a prior felony drug conviction, Defendant was subject to a statutory mandatory minimum penalty of 240 months of imprisonment. At sentencing, the Court granted a downward variance from the applicable guidelines range of 262-327 months of imprisonment and sentenced the Defendant to 240 months of imprisonment as required by the mandatory minimum. Although Amendment 782 lowers Defendant's adjusted offense level and guidelines range, the Court's downward variance resulted in a sentence that was set by the statutory mandatory minimum penalty. Section 5G1.1 of the Sentencing Guidelines provides that the Court may not impose a sentence that is less than any statutorily required mandatory minimum sentence. Amendment 782 does not affect § 5G1.1 or the sentence required by statute, and therefore Defendant is ineligible for a reduction in his sentence.